ARRIBAS *v.* THE DISTRICT COURT.

APPLICATION for a Writ of *Certiorari.*

No. 16.—Decided December 7, 1905.

CERTIORARI—QUESTIONS OF FACT—QUESTIONS OF JURISDICTION OR OF PROCEDURE.—In a *certiorari* proceeding the court may take into consideration the facts in the case only for the purpose of deciding a question of jurisdiction or procedure, but not for the purpose of converting a *certiorari* proceeding into a writ of error or appeal.

UNLAWFUL DETAINER—JURISDICTION OF MUNICIPAL COURTS.—The jurisdiction of municipal courts, in actions of unlawful detainer, is limited to those cases in which the amount of the annual rental stated in the contract, or established in any other manner, does not exceed $1,000.

ID.—RULE FOR DETERMINING JURISDICTION—AMOUNT OF STIPULATED RENTAL.—In order to determine a question of jurisdiction in actions of unlawful detainer, it is only necessary to take into consideration the amount of the annual rental stipulated in the contract and not the nature of the fault or fact upon which the action of unlawful detainer is based.

ID.—CAPACITY OF ATTORNEY IN FACT TO INSTITUTE ACTION OF UNLAWFUL DETAINER.—An agent or attorney in fact, having leased property as such, may institute in his own name an action of unlawful detainer, and the lessee cannot attack the capacity of the lessor who is the real party in interest for all the purposes of the contract.

The facts are stated in the opinion.
*Mr. Diaz Navarro* for the applicant.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an application for a writ of *certiorari*. On the 12th of April, 1905, Pedro Mirandes Medrano, as attorney in fact for José Mirandes Olivos, filed a suit for unlawful detainer in the Municipal Court of Ponce, on the ground that the defendant, Hortensia Arribas Villoch, or her agents, had violated the conditions of the lease which required her to respect the trees on the rented property, and not to cut or lop off the same without the intervention of the lessor.

The grounds of the defense were four:

1. That the law of unlawful detainer only permits as a ground of the action the failure of the lessee to pay the rent.

2. That the municipal court only has jurisdiction of the cause of action when the annual rental of the property is less than $1,000, and the default of the lessee is nonpayment of rent, and that in all other cases the suit should be initiated in the district court.

3. That the person really interested was the owner of the property, and that the attorney in fact had not the capacity to bring a suit in his own name.

4. That the defendant had not ordered the trees to be cut, and that the cutting of the trees was not such a violation of the contract as to give rise to the action.

The municipal court decided against the complainant, and on appeal to the district court substantially the same questions were presented and decided in favor of the complainant. Thereupon, there being no right of appeal, the defendant made application to this court for the issuance of a writ of *certiorari*, which was granted. At the hearing had, at which only counsel for the applicant was present, the question arose whether this court could, on *certiorari*, review the questions of fact raised.

We are satisfied from the law of *certiorari* and the authorities cited by the learned counsel for the applicant, that the facts may be inquired into to determine a question of jurisdiction of procedure, but not to take the office of a writ of

error or appeal. (See Law of *Certiorari,* and the case of *Schwarz* v. *Superior Court,* 111 Cal., 106.) If it were otherwise it would defeat the will of the legislature in limiting appeals, as the Legislature has done in the law of March 9th, 1905.

Therefore we cannot examine into the questions raised by the fourth ground defense. Whether the defendant, or some other person was responsible for the cutting of the trees or whether the default went to the essence of the contract are facts which touch upon the merits of the particular action and raise no question of procedure or of jurisdiction.

The first and second grounds of defense raise questions of jurisdiction, and may be considered together. Can the municipal court take jurisdiction in a suit for unlawful detainer of anything but the defaults for nonpayment of rent? We think the wording of the law of unlawful detainer in section 3 is too plain for discussion. It provides:

"The municipal judges of the districts in which the property is situated shall have jurisdiction to hear and determine actions of unlawful detainer, in all cases in which the amount specified in the lease as rental, or the consideration or sum which should be paid by virtue of any contract, does not exceed one thousand dollars, computed annually. In all other cases the district court of the district where the property is situated shall have jurisdiction of the action and in both cases the same procedure shall be followed. If the property is situated on territory belonging to two or more judicial districts, the complaint may be filed in any of the respective courts within whose territory any portion of the property is situated. In the event that jurisdiction in this class of action pertain originally to the municipal court, the appearance of the parties in interest may be made whenever they do not wish to avail themselves of the services of an attorney at law, either in person or by general agent."

The jurisdiction of the municipal court in actions of unlawful detainer is limited only where the amount of the annual rental named, in the lease or otherwise, exceeds $1,000. There is not a word of the act from which an inference might be drawn that the Legislature intended the municipal courts

only to take cognizance of defaults of payments of rent. The limitation runs only to the amount of the rental, and not to the character of the default. It becomes unnecessary to consider the incidental questions raised of whether the district court would have jurisdiction on appeal where the municipal court had none.

The third ground of defense does not really involve a question of jurisdiction, and the court ought not to consider it in *certiorari*, but as the lease is exhibited among the papers and shows the contract to have been made by the complainant as attorney in fact, we know of no reason that would have prevented him from filing suit in his own name. He made the lease, and is the real party in interest between himself and the lessee, and entitled to the possession, and the lessee cannot be heard to deny his landlord's title (*ir contra sus propios actos*).

We find nothing in the proceedings which would authorize us to annul them, and the case and record must be sent back to the District Court of Ponce.

*Denied.*

Chief Justice Quinones and Justices Hernandez, Figueras and MacLeary concurred.