## ARRIBAS *v.* LA CORTE DE DISTRITO.

### SOLICITUD para que se expida un auto de *Certiorari.*

No. 16.   Resuelto en diciembre 7, 1905.

CERTIORARI.—CUESTIONES DE HECHO.—CUESTIONES DE JURISDICCIÓN Ó DE PROCEDIMIENTO.—En un procedimiento de *certiorari*, el tribunal puede tomar en consideración los hechos del caso, á los efectos de resolver solamente una cuestión de competencia ó de procedimiento, pero no para otros efectos que puedan convertir el procedimiento de *certiorari* en un recurso por causa de error (*writ of error*) ó de apelación.

DESAHUCIO.—COMPETENCIA DE LAS CORTES MUNICIPALES.—La jurisdicción de las Cortes Municipales en casos de desahucios está limitada solamente á aquellos casos en que la cuantía de la renta anual expresada en el contrato, ó fijada de otro modo, no exceda de mil dollars.

ID.—BASE PARA DETERMINAR LA COMPETENCIA.—CUANTÍA DEL CÁNON ESTIPULADO.—Para determinar la competencia en casos de desahucios hay que atender solamente á la cuantía de la renta anual fijada en el contrato, y no á la naturaleza de la falta ó hecho en que se funde la demanda de desahucio.

ID.—PERSONALIDAD DEL APODERADO PARA ESTABLECER ACCIÓN DE DESAHUCIÓ.—Un mandatario ó apoderado que hubiere arrendado una finca, puede presentar á nombre propio una demanda de desahucio y el arrendatario, no pudiendo ir contra sus propios, no podrá impugnar la personalidad del arrendador, que es la verdadera parte interesada para todos los efectos del contrato.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Díaz Navarro.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La presente es una solicitud para que se expida un auto de *certiorari*. El 12 de abril de 1905, Pedro Miranda Medrano, como apoderado de José Mirandes Olivos, dedujo demanda sobre desahucio ante el juzgado municipal de Ponce, fundando dicha demanda en que la demandada Hortencia Arribas Villoch, ó sus encargados, habían infringido las condiciones del contrato de arriendo, por las cuales se le exigió que respetase los árboles en la finca arrendada, y que no los cortare ni podase sin la intervención del arrendador.

Los motivos alegados por la defensa eran cuatro:

1—Que la ley con respecto á desahucio sólo permite como motivo de demanda, la omisión por parte del arrendatario de pagar el alquiler ó precio del arriendo.

2—Que el juzgado municipal sólo tiene jurisdicción sobre la causa de acción cuando el alquiler anual de la finca es menos que mil pesos, y cuando la falta del arrendatario consiste en la omisión de pagar el alquiler, y que en todos los demás casos la demanda debe entablarse en el Tribunal de Distrito.

3—Que la persona realmente interesada era el dueño de la finca, y que el apoderado no tenía personalidad para entablar demanda en su propio nombre.

4—Que la demandada no había dado órdenes para que se cortasen los árboles y que el haber cortado dichos árboles no era tal infracción del contrato, que pudiera dar lugar á una demanda.

El juzgado municipal resolvió el asunto en contra del demandante y en la apelación interpuesta ante el Tribunal de Distrito, sustancialmente las mismas cuestiones fueron presentadas y resueltas á favor del demandante. Entonces, no habiendo derecho para apelar, la demandada presentó á este Tribunal una solicitud para que se expidiera un auto de *certiorari,* cuyo auto fué concedido. En la vista de este asunto, á la que sólo asistió el abogado de la suplicante, surgió la cuestión, si este Tribunal con con motivo de un procedimiento de *certiorari,* pudiera revisar las cuestiones de hecho planteadas.

Nosotros estamos convencidos por la ley de *certiorari* y por las autoridades citadas por el ilustrado letrado defensor, de la suplicante, de que se puede hacer una investigación de los hechos para determinar alguna cuestión de competencia ó procedimiento, pero no para hacer las veces de un recurso por quebrantamiento de forma, ó de apelación.     Véase la ley de *certiorari,* y la causa de *Scharz* v. *Superior Court* 111 Cal. 106. De lo contrario resultaría frustrada la voluntad de la legislatura, de limitar las apelaciones como lo ha hecho en la ley de desahucio de marzo 9 de 1905.

Por lo tanto, no podemos examinar las cuestiones planteadas por el cuarto motivo de defensa. Si la demandada ó alguna otra persona, era responsable de la corta de los árboles, ó si la falta cometida era una infracción de una estipulación esencial del contrato, son hechos que se refieren á los méritos de dicha demanda, y no plantean ninguna cuestión de procedimiento ó de competencia.

Los fundamentos primero y segundo de la defensa, plantean cuestiones de competencia y pueden ser considerados conjuntamente. ¿Puede la corte municipal, en una demanda sobre desahucio, conocer de otros extremos que la falta de pago del arrendamiento? Creemos que el texto de la ley de desahucio, en su sección 3a. es dema-

siado claro para ser sometido á una discusión. Dicha sec-
ción dispone:

"Tendrán jurisdicción para conocer de las demandas sobre des-
ahucio, los jueces municipales del distrito en que radique la finca,
cuando el canon de los arrendamientos ó el precio ó cantidad que,
por virtud de cualquier contrato, deba pagarse, computado por una
anualidad, no exceda de mil dollars. En todos los demás casos, co-
nocerán de dichas demandas las cortes de Distrito en, que la finca
radique; y en uno ú otro caso, se seguirá el mismo procedimiento.
Si la finca estuviese radicada en territorio correspondiente á dos
ó más distritos judiciales, podrá establecerse la demanda ante cual-
quiera de las Cortes respectivas, en cuyo territorio radicare alguna
porción de la finca. La comparecencia de las partes, en el caso de
que la competencia en esta clase de juicios corresponda originaria-
mente á la Corte Municipal, podrá hacerse por los interesados per-
sonalmente, ó por medio de apoderado general, si no quisieren uti-
lizar la representación por medio de letrado.''

La jurisdicción de la Corte Municipal en demandas
sobre desahucio está limitada solamente en los casos en
que el importe del arriendo anual, expresado en el con-
trato de arrendamiento ó de otro modo, exceda de mil
pesos (dollars). No existe en la ley una sola palabra de la
cual se pueda deducir que la Legislatura haya tenido la
intención de que las cortes municipales habían de conocer
solamente de faltas de pago de arrendamiento. La limi-
tación se refiere solamente al importe del arriendo, y
no al carácter de la falta . Resulta innecesario considerar
la cuestión incidental que se ha presentado, de si el Tri-
bunal de Distrito tendría, al interpretarse la apelación,
jurisdicción sobre una causa, sobre la cual no tenía juris-
dicción la Corte Municipal.

El tercer fundamento de la defensa no envuelve real-
mente ninguna cuestión de jurisdicción, y el Tribunal no
debiera considerarlo en un procedimiento de *certiorari;*
pero como el contrato de arrendamiento ha sido exhibido
entre los documentos, y demuestra que el contrato ha si-

do otorgado por el demandante como apoderado, no conocemos ninguna razón por la cual se hubiese visto impedido de entablar demanda en su propio nombre. El hizo el contrato de arrendamiento, y él es la verdadera parte interesada en el contrato celebrado entre él y la arrendataria, y tiene derecho á la posesión, y no se puede admitir que la arrendataria niegue el título á su arrendador.

No encontramos en los procedimientos nada que nos autorice para anularlos, y la causa y los autos deben devolverse á la Corte de Distrito de Ponce, dejándose á ésta libre para proceder en dicha causa, como si no se hubiese expedido el auto de *certiorari*.

*Denegada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.