[No. 7512.]

## IN RE SMITH ET ALS.

CONTEMPT—*Application for Change of the Trial Judge*—In an application for a change of the trial judge the facts upon which the alleged bias of the judge then presiding is predicated, must be set out. This is not a contempt, unless it is established by evidence that such statement of facts was made with the reckless disregard of the truth, or with the intention to reflect upon the honor, integrity, and character of the judge.

A conviction of contempt in such case, without evidence, where the language of the application is not contemptuous *per se* is error.

*Error to Adams District Court.*—Hon. CHARLES MC-CALL, Judge.

Mr. N. WALTER DIXON, attorney for respondents.

The purpose of this proceeding is to review a judgment of the district court adjudging Smith, Nordloh and Morris guilty of contempt. The history of the proceedings which culminated in this judgment, is substantially, as follows:

An action was pending in the district court of Adams county against a former judge of that county to recover a considerable sum which, it was alleged, he had collected and retained in excess of the fees allowed by law. Smith, as attorney for the Board of County Commissioners of Adams county, who had instituted this action, appeared before the judge of the district in which that county is located, and stated that the commissioners thought he was biased; that they did not want to file a formal application; that the friendly relations between the bench and bar required that a matter of this kind should first be suggested to the court, and the court, if possible, induced to act without a formal showing; that he, Smith, as attorney for the board, hoped he would be relieved of the necessity of making a formal showing, and that the re-

quest for another judge to try the case to which reference has been made would be granted on the oral statement, that the board felt the judge was biased; that he understood that if the court required a motion to be filed, it would be necessary to set forth in detail the matters which gave rise in the minds of the commissioners to a belief of bias, which they did not want to do, unless required to make a formal showing. The judge declined to entertain the matter on suggestion, and stated that a formal showing would have to be made. Thereupon Smith, as counsel for the Board of County Commissioners, presented to the judge a motion for a change of venue in the case, which was verified by Nordloh and Morris, members of the board of county commissioners of Adams county. Smith had not disclosed the contents of this motion, nor the affidavit supporting it, to the attorneys for the defendant, and stated that if the judge would read the same, he believed it would recall to his mind a number of matters that, possibly, he had forgotten, and the court would grant the application for another judge, without counsel formally filing it. The judge declined to read the application, and ordered that a copy be served on the attorneys for defendant in the action mentioned, and stated that he would hear the application on a date then fixed. On this date the judge asked respondent Smith if he had any matters to present, when Smith stated he desired to urge the application for the calling in of another judge to try the case; that he supposed His Honor had read the motion, to which the judge stated, in substance, that he had not, and that if Smith had anything to present, he would have to present it in a formal way. The respondent then asked the judge to give him the motion, which had been in his possession since it was first presented, and thereupon read the application to the court, in a respectful manner. When he had finished reading the motion, the court promptly denied the application, and thereupon appointed Mr. Hilliard, an attorney, to prepare and file an affidavit, setting out all the facts in relation to the application for

another judge, so that the court might, upon examination, determine if the application were contemptuous. Mr. Hilliard did so, and later filed an information and affidavit against the respondents for contempt. This information and affidavit contained a copy *haec verba* of the motion and affidavit, setting out in detail the matters upon which the board relied in support of its application for some judge other than the judge of the district to try the case against the county judge. We do not deem it necessary to set out this motion, and affidavit, in detail, it being sufficient to say that, in our opinion, it did not contain any matters, statements or charges which were contemptuous *per se*.

The information filed by Mr. Hilliard stated that the affidavit of the respondents to which we have referred was designed, intended, and calculated to incite public contempt for the court, and of the judge thereof, and for the purpose of leading the people to distrust the fairness and impartiality of the decisions of the court, and that, save and except certain matters, it was false, unwarranted, unfounded, and wickedly and maliciously intended to, and constituted, an attack upon the honor, integrity and purity of the court and judge thereof. Upon the filing of this information a citation was issued, requiring respondents to show cause why they should not be adjudged guilty of contempt.

At the time fixed in the citation the respondents appeared and filed two motions, one to quash the information and affidavit, and the other to quash the citation, both of which were overruled. Respondents then answered, wherein they set out, more in detail, the matters relied upon and stated in their affidavit in support of the application for another judge to try the case in which it was filed. This answer is quite long, and contains nothing which, in our opinion, would constitute contempt *per se*. In this answer the following appears:

"Your respondents respectfully show to the court further, in answer to the statement contained in the alleged affi-

davit and information filed by Benjamin C. Hilliard, that said motion was not filed for any unworthy purpose whatever, nor for the purpose of intimidating or coercing the court or the judge thereof, in the decision of the suit wherein said motion was filed, nor was the same wickedly or maliciously filed, nor was it made, sworn to, or filed for the purpose of reflecting upon said court or judge, or bring it or him into contempt or disrepute, nor for any purpose other than, your respondents allege, properly and in accordance with the law and practice of the court, presenting honestly and in good faith facts necessary to be detailed in order to support their showing that, in their opinion, the judge of this court was biased in said cause."

They further stated that they believed the facts stated in their motion to be true, and believed the conclusion they drew therefrom, that the court was biased, was true, and justified by the facts within their knowledge.

It further contained a recitation of the steps taken by Mr. Smith in applying to the judge for another judge to try the case, as above set out. This answer was duly verified. Thereupon Mr. Hilliard, on the information filed by him, and the answer of respondents, moved that they be adjudged guilty of contempt and punished accordingly. This motion was sustained, and judgment rendered finding respondents guilty of contempt, and as a punishment, assessed a fine against each of them, and also that they be confined in the county jail at hard labor for periods ranging from five to fifteen days.

Mr. JUSTICE GABBERT delivered the opinion of the court:

It will be observed that the judgment of which plaintiffs in error complain is based entirely upon the pleadings. To properly present the application for another judge to try the case in which the application was filed, it was necessary, in order to comply with the decisions of this court, for counsel representing the members of the board of county commissioners to set out the facts in detail upon which the alleged prej-

udice and bias of the judge of the district was predicated.—
*Thomas v. People,* 14 Colo. 254. Doing so did not constitute
a contempt *per se* when it appears, as we have stated, that the
statements made in the affidavit supporting the application
were not of a character which could be regarded as con-
temptuous,—*Mullin v. People,* 15 Colo. 437; so that these
statements would not constitute a contempt unless it was es-
tablished by evidence that they were made with a reckless dis-
regard of the truth, or with the intention to reflect upon the
honor, integrity and character of the judge. It was, there-
fore, necessary to inquire and ascertain the meaning and in-
tention of the respondents in making the statements in the ap-
plication upon which the proceedings were based.—*Thomas
v. People, supra; Mullin v. People, supra.*

As preliminary to this procedure, the affidavit of Mr. Hil-
liard appended to the information charged that these state-
ments in particulars were false, unwarranted and wickedly
and maliciously intended to constitute an attack upon the
honor and integrity of the court. Had evidence been pre-
sented establishing these allegations, the respondents might
properly have been adjudged guilty. This procedure was not
followed, as the judgment was based entirely upon the plead-
ings, consisting of the information, containing a copy of the
statements made in the application, and the answer, the latter
merely stating more in detail the facts related in the applica-
tion filed by the respondents. This answer, in effect, denied
that these statements were false, or wickedly or maliciously
made, or intended as an attack upon the honor and integrity
of the court. It appears, then, that there was no proof of the
charge upon which the proceedings were based. Without such
proof, the pleadings not containing any statements which were
contemptuous *per se,* the court, in pronouncing judgment,
acted without and beyond its jurisdiction.

The judgment of the district court is reversed and the
cause remanded, with directions to overrule the motion for a

judgment on the pleadings, and for further proceedings according to law.                    *Reversed and Remanded.*

Chief Justice Musser and Mr. Justice Hill concur.