No. 8509.

MARIANS *v.* THE PEOPLE, EX REL.

Decided December 3, 1917.

Information charging plaintiff in error with contempt of court by circulating a petition to recall a district judge. Judgment of guilty.

*Reversed.*

1. CONTEMPT—*Recall of Judge.* Under Art. XXI of the constitution, which authorizes a recall from office, the circulation of a petition for the recall of a district judge is not contempt of court, where the facts set out in the petition are truthfully stated, though with uncalled for bitterness. Such a petition is privileged.

2. *Constitutional Abridgment.* The right to punish as for contempt may be taken from the courts by constitutional provisions.

*Error to the District Court of Las Animas County, Hon. Robert G. Strong, Judge.*

Mr. O. H. DASHER, Mr. T. S. McCHESNEY, for plaintiff in error.

Mr. FRED FARRAR, Attorney General; Mr. RALPH E. C. KERWIN, Assistant, for the people.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was adjudged guilty of contempt in the District Court of Las Animas County, and fined fifty dollars, and committed to the county jail until the fine was paid.

The proceeding was instituted by the president of the Las Animas County Bar Association, who filed an information charging the plaintiff in error with contempt of the court and the presiding judge thereof "by writing, printing, publishing and circulating a so-called 'petition to recall District Judge A. W. McHendrie from office.'"

The information alleges that two cases were pending in said District Court, when said petition was circulated, in which Walter Belk and Robert Uhlick were respectively defendants and charged with the crime of murder. The petition is then set out as follows:

"The general statement of why Judge A. W. McHendrie should be recalled from office is as follows: Because he freed on bail, without any showing made, mankiller Walter Belk of the Baldwin-Felts Detective Agency, whose hands reek with blood from the slaying of Organizer Lippiatt, and at the same time imprisoning for months in a foul jail without bail, Organizer Bob Uhlich, believed by Trinidad citizens to be innocent of crime; both Belk and Uhlich being charged with murder in the first degree, and because this judge four times refused Uhlich bail—the last request being signed by the district attorney—in spite of the fact that the judge is recorded as putting it up to the district attorney to decide upon granting Uhlich bail, and because the judge said that Northcutt, the notorious agent of the coal operators, must sign Uhlich's bail application before he would grant it, notwithstanding that this same Northcutt objected to bail on a former occasion and told the judge that Uhlich had done 'more than any four men towards organizing' the striking miners in defense of their wives and children, and that the judge well knew that he might just as well ask John D. Rockefeller to beg for bail for Uhlich as this Northcutt."

The defendant filed no answer to the information, and on the hearing he announced to the court: "That he had no plea to make further than the right of a citizen of the State of Colorado to circulate a recall petition setting forth in plain words the reason why the recall of Judge Mc-Hendrie was desired."

Article XXI of the Constitution which authorizes a recall from office, provides that the petition for recall: "Shall contain a general statement, in not more than two hundred words, of the ground or grounds on which such recall is sought, which statement is intended for the information of the electors, and the electors shall be the sole and exclusive judges of the legality, reasonableness and sufficiency of such ground or grounds assigned for such recall, and said ground or grounds shall not be open to review."

The court treated the defendant's statement as a confession of guilt, and imposed the penalty above mentioned.

For the plaintiff in error it is contended that the matter set out in the petition is privileged, it being the right of any citizen to state in a recall petition the reasons why a public officer should be recalled.

The theory of counsel is that the common law, which would or might make the author of this petition liable for contempt, is repealed, so far as it applies to this case, by the constitutional provision for a statement of the grounds for recall.

Clearly that provision intends that when a citizen is of the opinion that a public officer, subject to recall, has done that which shows him to be unfit for the office which he holds, the citizen may make such act the basis of an attempt to recall the officer; and to do that he must necessarily mention said act in the recall petition. We have held that it was no contempt to set out in a petition for a change of venue the *facts* upon which it was based. *In re Smith*, 54 Colo. 486, 131 Pac. 277.

If a citizen has not this privilege, the right to inaugurate a movement for a recall in such a case does not exist. Unless the action of a judge in a pending case may be

mentioned as a ground of recall, he may, by repeating that action in succeeding cases, entirely prevent the making of a valid recall petition based upon such action. The result is to withdraw the office of judge from the scope of the constitutional provision which clearly includes that office.

That a considerable portion of the statement was intemperate and ill-advised must be conceded; but, if the facts are stated truthfully, though with uncalled-for bitterness, no contempt was committed. What should be the rule in case a petition contains defamatory matter shown to be false, need not now be considered, since there is nothing in the record to show that the statements in the petition are not true.

This fact renders many of the cases cited by the State of no value, since they refer to false statements.

The right to punish as for a contempt may be taken from the courts by constitutional provisions, and, as we are of the opinion that the right is given to citizens to set up in a petition for the recall of a judge the facts upon which such recall is sought, even though they might tend to obstruct the administration of the law, we need not consider whether or not the statements in this petition tend to do so.

We find that the petition is privileged, for the reasons above stated. The judgment is accordingly reversed, and the cause remanded to the District Court with instructions to dismiss the information, and discharge the plaintiff in error.

Mr. Chief Justice White not participating.

Mr. Justice Garrigues dissenting.