## MULLIN v. PEOPLE.

1. CONSTRUCTIVE CONTEMPT — INFORMATION — AFFIDAVIT.— A verified information may be allowed to perform the office of the affidavit required by statute as the foundation of a proceeding for constructive contempt.

2. CONTEMPT PROCEEDINGS — JURISDICTION.— When an affidavit is presented as the basis of a proceeding for contempt, the court must, in the first instance, examine the same, and, if the facts presented do not show that a contempt has been committed, the court will be without jurisdiction to proceed; but if the facts are sufficient, the court may take jurisdiction, and its subsequent orders will not be reviewed for mere error.

3. PETITION FOR CHANGE OF VENUE.— Matters not *per se* contemptuous may be set forth in a petition for a change of venue without subjecting the petitioner to punishment for contempt.

*Error to District Court of Gunnison County.*

IN the court below plaintiff in error was adjudged guilty of wilful contempt of court and fined therefor in the sum of $150.

The alleged contempt consisted in his making and causing to be filed a petition for change of venue in a certain case at the time pending in the district court of Gunnison county, and to which action plaintiff in error was the real party in interest, although not a party to the record. Said petition is in substance as follows: "Carrie L. Davis *v.* John H. Bowman. (No. 324.) In the district court of the seventh judicial district of the state of Colorado, and for the county of Gunnison.

"Your petitioner would respectfully represent to the court that he is the real party defendant in interest in the matter in controversy in the above-entitled action; that the defendant John H. Bowman was, at the time the supposed cause of action accrued, the qualified and acting sheriff of Gunnison county; that the said defendant Bowman has no personal interest in the result of this action, and is only a nominal party defendant.

"Your petitioner says that he fears that he will not receive a fair trial in this court on account that the judge is prejudiced in favor of the plaintiff herein, and for reason for said fears he says that, at a prior term of this court, when the above-entitled action and another action pending in this court, and before the judge hereof, wherein the above-named plaintiff was plaintiff, and the above-named defendant and others, of which your petitioner was one, were defendants, were about to be called for trial, being cause numbered No. 325, the wife of the judge of this court was at the residence of your petitioner, and, in excuse for her short visit to your petitioner herein, said in substance, and in presence of your petitioner and his wife, that she must go and see the judge and arrange with him to have Mrs. Davis (meaning the plaintiff herein) to win her case; that

at said time, as petitioner was informed, the judge of this court and his wife were boarding in the house and the guests of Mr. and Mrs. Davis. Your petitioner further says that immediately thereafter he informed his attorneys of the foregoing facts, and requested them to make an application for a change of venue, but was advised by them to allow the judge to try one of said causes, and it could then be ascertained whether the judge was in any manner prejudiced in favor of the plaintiff herein.

"Your petitioner further says that one of said causes was tried by this court, and that Mrs. Davis did win her said cause, and your petitioner believes that, from the rulings of said court, and the instructions of the court to the jury in said cause, this court is prejudiced in favor of the plaintiff herein. Wherefore he prays that the venue in this action be changed. Respectfully, Loudon Mullin."

The present proceeding was commenced by the filing of an information by the district attorney of the district in which the court was sitting. The remaining facts necessary to a full understanding of the case appear either in the opinion of the court in the case at bar, or are set forth sufficiently in the report of the case of *Thomas v. People*, 14 Colo. 254. The only difference in the two cases arises from the fact that Thomas was the attorney who prepared and presented the petition for change of venue, while Mullin alone made the affidavit thereto, and, in the former case, the information filed as a basis of the contempt proceedings was not verified, while in the present case the information appears to have been duly verified by the district attorney.

Messrs. Thomas & Thomas and Alex. Gullett, for plaintiff in error.

Messrs. H. M. Hogg, district attorney, and Alvin Marsh, attorney-general, for the people.

Mr. Justice Hayt delivered the opinion of the court.

As the information in this case is verified, it may properly be allowed to perform the office of the affidavit made necessary by the statute as the foundation of a proceeding for constructive contempt. The record shows that the petition for a change of venue was presented in a respectful manner; that in fact it was not read to the court, but was handed to the presiding judge for his perusal; and that there was nothing in the petition itself that was regarded, or that could properly have been regarded, as contemptuous. If, therefore, any contempt was committed, it was constructive rather than direct. This was determined in the cause of *Thomas v. People*, 14 Colo. 254.

We will therefore inquire as to whether or not the facts alleged in the verified information are sufficient to constitute a constructive contempt of court. If the facts charged do not show affirmatively that a contempt has been committed, the judgment of the district court against the plaintiff in error must be reversed.

In the case of *Cooper v. People*, 13 Colo. 337, it was said: "When an affidavit is presented as the basis of a proceeding for contempt, the court must, in the first instance, examine the same, and, if the facts presented do not show that a contempt has been committed, the court will be without jurisdiction to proceed; but, if the facts are sufficient, the court may take jurisdiction, and its subsequent orders will not be reviewed for mere error."

In the case at bar we must assume that the statement set forth in the verified petition for a change of venue as having been made by the wife of the presiding judge was in fact so made, for the reason that, in the affidavit or information filed, it is not denied that such language was used by her. In some jurisdictions, when a change of venue is asked on account of the prejudice of the presiding judge, it is not necessary to set forth in the petition the fact or facts on which the party bases his fears that he will not receive

a fair trial in the court wherein the cause is pending. But in this state such facts must be stated, although with not the same particularity as is required in cases in which the application is based upon the alleged prejudice of the inhabitants of the county. *Hughes v. People*, 5 Colo. 436.

Assuming then, for the purposes of this case, that the wife of the presiding judge made the statement attributed to her, plaintiff in error had the undoubted right to embody such statement in his petition for a change of venue without subjecting himself to being punished for contempt. The principal ground relied upon to sustain the action of the court below therefore fails. Had it been charged that the affidavit was false in this respect, and that such false statements were made wilfully and maliciously, as argued, a different case would have been presented.

It is alleged, however, that the charge contained in the following language is false: "That at said time, as petitioner was informed, the judge of this court and his wife were boarding at the house and the guests of Mr. and Mrs. Davis." Issue upon this statement seems to have been taken upon the time only, and does not deny that plaintiff in error had received information as stated in his affidavit. The judgment cannot, therefore, rest upon this charge.

The only remaining matter contained in said information necessary to be considered is as follows, to wit: "That the charge contained in and written upon said petition for a change of venue and herein set out, to wit, 'and your petitioner believes that from the rulings of said court, and the instructions of the court to the jury in said cause, this court is prejudiced in favor of the plaintiff herein,' is and was made without any foundation in fact for such belief."

On account of the rulings and instructions in the cause previously tried, the plaintiff in error may have concluded that the judge was prejudiced against him, and yet the rulings may have been correct, and the instructions proper.

As we have seen, this language is not *per se* contemptuous, and there is no charge made in the information going

to show that plaintiff's conduct was not consistent with his entire innocence of evil intent. We must therefore conclude that no contempt is charged in the information. It should therefore have been quashed upon plaintiff's motion.

It is probable that, if the district court had refused to grant the petition for a change of the place of trial of the case of *Davis v. Bowman*, its judgment would not have been disturbed upon appeal. And yet we cannot say from anything charged in this information that plaintiff in error had not the right to present his petition to the district court, and obtain its judgment thereon. We can readily see why a judge, who had enjoyed a long and honorable career upon the bench, might feel that the charge that he could be influenced by the matters set forth in the affidavit was wholly unwarranted, and yet in our opinion the facts stated in the information, if true, will not sustain the judgment for contempt. The judgment will therefore be reversed, and the cause remanded.

*Reversed.*