[S. F. 251. In Bank.—January 23, 1896.]

GUSTAV SCHWARZ ET AL., PETITIONERS, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

MANDATORY INJUNCTION—REMOVAL OF TRADE SIGNS—EFFECT OF APPEAL.—STAY OF PROCEEDINGS—CONTEMPT—CERTIORARI.—A mandatory injunction, *pendente lite*, commanding the removal of trade signs, is stayed and suspended in its effect by an appeal from the order granting the same; and, pending such appeal, the defendants cannot be punished for contempt for failure to remove or discontinue such trade signs; and an order punishing them for such failure will be annulled upon certiorari.

ID.—PROHIBITORY INJUNCTION—INDIRECT ENFORCEMENT OF MANDATORY INJUNCTION.—Although the effect of a prohibitory injunction is not stayed or suspended by an appeal therefrom, yet the court cannot, by attempting to enforce a prohibitory injunction, indirectly enforce a mandatory injunction, the effect of which is suspended by an appeal; and where appellants were ordered to remove certain trade signs from their premises, and prohibited from using the trade name thereon, and, in fact, made no use of such name pending the appeal, except upon the signs which they claimed were the property of their lessors, they cannot be punished for contempt for violation of the prohibitory injunction for merely allowing the signs to remain in the same condition pending the appeal; nor can they be required to abandon their business or the premises, or punished for not doing so pending the appeal.

ID.—EFFECT OF STAY OF PROCEEDINGS — PREVENTION OF CHANGE—The stay of proceedings pending an appeal has the effect of keeping matters in the condition in which they were when the stay of proceedings was granted; and operates so as to prevent any future change in the condition of the parties.

ID.—CONTEMPT, A CRIMINAL PROCEEDING—STRICT CONSTRUCTION.— A proceeding to punish a defendant for contempt is in its nature a criminal proceeding, and the charge and finding thereon, and the judgment of the court, are to be strictly construed in favor of the accused.

ID.—REVIEW UPON CERTIORARI—RECORD NOT CONCLUSIVE—EVIDENCE OF JURISDICTIONAL FACTS.—Although a writ of review is not a writ of error upon which the rulings of the court and other matters within the jurisdiction can be reviewed, yet it is a means by which the power of the court in the premises can be inquired into, and for this purpose, the review extends, not only to the whole of the record of the court below, but even to the evidence itself, where necessary to determine the jurisdictional facts.

CERTIORARI from the Supreme Court to review an order of the Superior Court of the City and County of San Francisco, adjudging petitioners guilty of contempt.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Morrison, Stratton & Foerster,* for Petitioners.

An injunction, though prohibitory in form, is mandatory, if it compels the performance of a substantive act, changing the relative positions or rights of the parties. (*Stewart* v. *Superior Court,* 100 Cal. 543, 547.) It is not the form but the effect of the order which is to be regarded. (*Southern Pac. R. R. Co.* v. *Oakland,* 58 Fed. Rep. 50, 54.) A mandatory injunction should not be granted to interfere with the property right of others not parties. (*Dewey* v. *Superior Court,* 81 Cal. 66, 67.)   The stay of proceedings operates to prevent any future change in the condition of the parties.   (*Merced Mining Co.* v. *Fremont,* 7 Cal. 130.)   The court had no jurisdiction under the facts presented to punish petitioners for contempt. (Code Civ. Proc., sec. 949; *Dewey* v. *Superior Court, supra; Stewart* v. *Superior Court, supra.*)

*J. Scrivner,* for Respondents.

The injunction against the future use of plaintiff's trade name is prohibitory and not mandatory.   (High on Injunctions, sec. 646.)   A prohibitory injunction remains in full force pending an appeal, and the court below may enforce obedience thereto.   (*Dewey* v. *Superior Court,* 81 Cal. 68.)

VAN FLEET, J.—This is a proceeding to review by certiorari an order or judgment of Department Seven of said superior court (Hon. A. A. Sanderson, J.) convicting petitioners of contempt for the alleged violation of an injunction.   The facts pertinent to the inquiry are briefly these: The petitioners are the defendants in an action pending in said superior court, brought by Rudolf Hagen and Felix Eisele, wherein it is alleged

that the latter are conducting a saloon and restaurant
business at No. 8 O'Farrell street, in the city of San
Francisco, under the name and designation of "Louvre";
that they are the owners of said designation as a trade
name by right of purchase from their predecessors in
interest, by whom it was appropriated for the purpose;
that the defendants (these petitioners) have established
a like business at No. 1 O'Farrell street, in said city, and
have without right adopted the words "Louvre" and
" Old Louvre" as a business designation for their saloon
and restaurant, and have had said words placed upon
the gaslight lamps in front of the entrance, and upon
large glass signs over the entrances to their place of bus-
iness, and elsewhere about their premises, etc., and it
is prayed that they may be forever enjoined and re-
strained from using the said words in connection with
or in any manner in or about their said restaurant and
saloon, and that defendants be required to remove said
signs and other objects upon which said name appears,
etc.

Pending the trial of the action, the superior court, on
July 19, 1895, made an order in said action whereby pe-
titioners, the defendants therein, were "enjoined and
restrained from using said word ' Louvre,' or the words
' Old Louvre,' upon any sign or signs, lamps, transpar-
encies, either engraved or painted, or otherwise ar-
ranged thereon, in connection with or in any manner
in or about defendants' restaurant and saloon at No. 1
O'Farrell street, in the city and county of San Francisco,
state of California, or any other words or devices printed,
painted, or stamped, or written on such signs or street
lamps in such manner as to be a colorable imitation of
the trade name of plaintiffs; and that defendants be re-
quired to remove their said lamps and transparencies
upon which is now in any manner placed or appears
the word ' Louvre,' or the words ' Old Louvre,' or any
colorable imitation thereof; and that the said defend-
ants, and each of them, be further enjoined and pro-
hibited from using the said words, or either of them, in

connection with the said business at No. 1 O'Farrell street, in said city and county of San Francisco." From this order, petitioners, on August 1, 1895, duly perfected an appeal to this court. Thereafter, the petitioners having been cited to show cause why they should not be punished for contempt in failing to comply with said injunction order, appeared and objected that said court had no jurisdiction to hear or proceed in the matter by reason of the appeal from said order, the taking and perfecting of which appeal were duly called to the attention of the court; but, notwithstanding said objection and the said appeal, the superior court proceeded with said hearing. Thereupon petitioners introduced affidavits showing that the premises No. 1 O'Farrell street, where petitioners carry on their business, were, at the time, and for several years prior thereto had been, held under a lease from the owner of the building by the Pabst Brewing Company, a corporation, which latter, previous to the occupation by petitioners, had, at its own cost, fitted up and furnished said premises in a complete manner for the purposes of a restaurant and saloon, and had caused said premises to be designated by the name " Old Louvre," by having said designation placed upon the several signs complained of; that two of said signs, one over each of the two entrances to said premises, are of fancy stained glass of an expensive character and make, and another of said signs is painted upon the wall of the Phelan building in which said premises are situated; that all of said signs were so placed by said corporation before petitioners occupied said premises, and are the personal property of said corporation; that in March, 1895, petitioners rented said premises, with the furniture and fixtures therein, from said Pabst Brewing Company, as subtenants, for the purpose of conducting a saloon and restaurant business therein, and have since been carrying on such business, and were so engaged when the injunction was served upon them; that, immediately after the service of said injunction, petitioners complied therewith, and

have since continued to do so in all respects, excepting only that they have not removed or interfered with the said signs above adverted to, which, as aforesaid, do not belong to them; that upon their wine cards and bills of fare the words " Old Louvre" have been left off, and the word " Louvre" in no manner or connection appears thereon, but instead appears the designation " Schwarz & Beth's Restaurant and Family Resort"; and that neither said name of " Louvre" or that of " Old Louvre," has since existed or been used in connection with their said business upon any signs, street lamps, or transparencies, or otherwise, excepting only upon the said signs belonging to said brewing company. At the conclusion of said hearing, on August 27, 1895, the court made an order finding that petitioners were continuing to " use the said word ' Louvre' and the said words ' Old Louvre' in connection with their said busiiness," in violation of said injunction, and adjudged them guilty of contempt therefor, and it was ordered and adjudged that they be committed to the county jail " until they and each of them, shall desist and refrain from carrying on or conducting their said business at said No. 1 O'Farrell street under the trade name of ' Louvre,' or ' Old Louvre,' or from in any manner using said names in connection with their said business, or from carrying on the business of restaurant and saloon at said No. 1 O'Farrell street, under the said name of ' Louvre' or ' Old Louvre,' in said city and county of San Francisco''; and it was adjudged that they be fined in the sum of one hundred and fifty dol. lars, and that they pay the same with the costs of the proceedings to plaintiffs, and that plaintiffs have execution therefor.

It is conceded that the injunction, in so far as it requires petitioners to remove the signs bearing the name in controversy is mandatory in character; and it is further conceded that as to the mandatory features thereof, it is stayed and suspended in its effect by the appeal taken by petitioners from the order granting the

same.   The appeal, however, has no such effect upon
that part of the injunction which is merely prohibitory,
but that remains in force and unimpaired, notwith-
standing the appeal; and the question therefore arises:
What was the particular in which the petitioners failed
to conform to the requirements ·of the injunction, and
for which they were found guilty of contempt?· Was it
in failing to observe the prohibitory features of the writ,
or in not doing the affirmative thing required thereby,
that is, the removal of said signs?   If the latter, then
the court had no power to punish petitioners for their
failure, since, that part of the writ being in suspension,
the court could not proceed to enforce it pending the
appeal.   (Code Civ. Proc., sec. 949; *Dewey* v. *Superior
Court*, 81 Cal. 64; *Stewart* v. *Superior Court*, 100 Cal.
543.)   While the recitals of the judgment of contempt
are general in terms, that the petitioners " have contin-
ued to and do now use" the prohibited name " in con-
nection with their said business," it is quite manifest,
we think, from the record, that the failure to remove
the obnoxious signs was the fact upon which that find-
ing is based, and that it was this fact which in the mind
of the court constituted the failure of petitioners to com-
ply with the injunction, and rendered them guilty of
contempt.   This is very apparent not alone from the
facts above recited, and which were wholly uncontra-
dicted, but also by reference to the charge in the affidavit
upon which the contempt proceedings were predicated.
In substance, this affidavit is to the effect that, notwith-
standing petitioners have been restrained from using
the word " Louvre" or the words " Old Louvre" upon
their signs, transparencies, etc., and are required to
remove the same, they still continue, in violation of the
injunction, to employ said designation.   It is not
charged specifically that the name is so being used in
any other manner than upon said signs, and the affi-
davit can therefore be construed only as a charge that
the name is being so used thereon, and not otherwise.
The judgment follows the general language of the affi-

davit in this respect, and should receive no broader construction than the latter will bear. Contempt being a criminal proceeding, and the party being entitled to know with what he is charged, it will not be presumed that he was held guilty of some act not specifically alleged in the affidavit or fairly covered thereby. The offense being criminal in its nature, both the charge and the finding and judgment of the court thereon are to be strictly construed in favor of the accused. (*Batchelder* v. *Moore*, 42 Cal. 412; *Maxwell* v. *Rives*, 11 Nev. 221; *Phillips* v. *Welch*, 12 Nev. 158, 187.)

The objection that we are not at liberty to go beyond the recitals or findings in the judgment itself, in reviewing the action of the court below, is not well taken. While the writ of review is not a writ of error, and is not a means by which, as upon appeal, the mere manner of conducting the proceedings, the rulings of the court upon questions of evidence, and other matters within the jurisdiction, involving the merits, however erroneous they may be, can be reviewed, it is, nevertheless, a means by which the power of the court in the premises can be inquired into; and for this purpose the review extends, not only to the whole of the record of the court below, but even to the evidence itself, where necessary to determine the jurisdictional fact. (*People* v. *Board of Delegates*, 14 Cal. 479; *Lowe* v. *Alexander*, 15 Cal. 301; *Blair* v. *Hamilton*, 32 Cal. 49; *People* v. *Goodwin*, 5 N. Y. 568.) In *Blair* v. *Hamilton*, *supra*, in reviewing by *certiorari* the order of the court below, it is said: "In many cases jurisdictional facts may not appear of record, either by failure of the inferior court or officer to follow the requirements of the law and make them of record, or because the law itself does not require it to be done. In such cases this court and all other courts having jurisdiction to review and correct the proceedings of inferior courts would be powerless unless it can compel the inferior tribunal to certify to this court not only what is technically denominated the 'record,'

but such facts, or the evidence of them, as may be necessary to determine whatever questions as to the jurisdiction of the inferior tribunal may be involved; and the grossest abuses of power, to the great reproach of the law, might be perpetrated with impunity and without the possibility of a remedy."

But while it is conceded that the removal of the signs cannot be compelled pending the appeal, it is contended that petitioners, in continuing business with the signs in place, were thereby using the said trade name in connection with their business in contravention of the prohibitory features of the injunction, and that this constituted a contempt of the order of the court; that such use could have been avoided by either quitting their business or removing it to other premises, and, failing to do this, the petitioners were properly punished. But assuming that this would constitute such use as would, under the facts of this case, render it obnoxious to the injunction in any sense, to hold under such circumstances that petitioners could be punished therefor pending the appeal would simply be enabling that to be accomplished indirectly which could not be done directly, and to deprive petitioners entirely of the benefit of the stay afforded by their appeal. " The stay of proceedings pending an appeal has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted. It operates so as to prevent any future change in the condition of the parties." (*Merced Min. Co.* v. *Fremont,* 7 Cal. 130.) To require petitioners to abandon their business or the premises would be working a very material, if not an irreparable change in the condition of the parties, notwithstanding the effect of the appeal was to stay all affirmative action in the premises.

It results inevitably from these considerations that the record discloses a case where the court had no power to proceed and punish the petitioners as for a contempt, and its judgment in that respect must be annulled.

It is so ordered.

BEATTY, C. J., HARRISON, J., GAROUTTE, J., McFARLAND, J., HENSHAW, J., and TEMPLE, J., concurred.