[Civ. No. 384.   Second Appellate District.—April 12, 1907.]

JAMES D. REYMERT, Petitioner, v. B. N. SMITH, Superior Judge of Los Angeles County, Respondent.

CERTIORARI—COMMITMENT FOR CONTEMPT—CRIMINAL OFFENSE—CONSTRUCTION—REVIEW OF JURISDICTIONAL FACTS—PRESUMPTION.— Contempt of court is a specific criminal offense; and the charge, finding and judgment of the court therein must be strictly construed in favor of the accused. The findings do not conclude a reviewing court from examining the record to determine the jurisdictional facts. Where the performance or taking of necessary steps which ought to appear of record is not shown, it will be presumed that such steps were not taken.

ID.—INSUFFICIENT RECORD—CONTEMPT OUT OF PRESENCE OF COURT— NOTICE OR SERVICE NOT SHOWN—WANT OF JURISDICTION.—Where the alleged contempt was committed out of the presence of the court or judge, no step essential to a proper accusation and plea in a criminal case should be omitted; and where there is nothing in the record to show that the petitioner was served with notice or an order to show cause indicating the charge of contempt, or that he was served with a copy of the affidavits, or given an opportunity to answer, and no answer or plea was filed, the court was without jurisdiction to make the order of commitment for contempt.

WRIT OF REVIEW to set aside proceedings upon commitment for contempt by the Superior Court of Los Angeles County. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

J. D. Reymert, *in pro. per.,* and J. Marion Brooks, for Petitioner.

J. D. Fredericks, District Attorney, and John C. North, Deputy District Attorney, for Respondent.

TAGGART, J.—Application for review of proceedings upon commitment for contempt by superior court of Los Angeles county.

Judgment was rendered by said superior court on March 16, 1907, adjudging that petitioner pay a fine of $200, and in case such fine be not paid, that he be confined in the county jail of said county until the fine be satisfied at the rate of one day's imprisonment for each two dollars of fine. The fine not being paid, the defendant was committed to the custody of the sheriff of said county.

The original minute entry of the judgment made on the day of its rendition contained nothing to show of what the alleged contempt consisted; but subsequent to the issuance of the order of this court directing that the record of the proceedings in said matter be certified up to this court, and on the tenth day of April, 1907, an order was entered in the minutes of said superior court, stating that the judgment rendered by the superior court on March 16, 1907, "was not properly written out in the judgment record of this court," and ordering that the judgment entered be amended to conform to the judgment rendered. The latter order finds the allegations of the affidavits of certain persons (naming them) to be true and adjudges petitioner guilty of contempt for procuring false and perjured testimony.

There is nothing in the record brought up to show that the petitioner was served with any notice or order to show cause that indicated the character of the charge of contempt which the petitioner was expected to answer. It does not even appear that he was served with a copy of the affidavits upon which the proceeding was predicated. No answer of petitioner appears in the record and it does not appear that he was given an opportunity to answer. (Code Civ. Proc., sec. 1217.) The only instrument of any kind presented on his behalf was a motion to set aside the citation upon the ground that there was no proper complaint or information upon which to base it. This motion was overruled and the

court proceeded to hear the matter without any formal statement showing the charge that was made against the petitioner, and without any answer or plea being filed or entered or any issue of fact joined.

Contempt of court is a specific criminal offense (*Ex parte Gould,* 99 Cal. 362, [37 Am. Rep. 57, 33 Pac. 1112]; *Cosby* v. *Superior Court,* 110 Cal. 52, [42 Pac. 460]), and the charge and the finding and judgment of the court thereon are to be strictly construed in favor of the accused. (*Schwartz* v. *Superior Court,* 111 Cal. 112, [43 Pac. 580].) The findings of the judgment do not conclude a reviewing court from an examination of the record to determine the jurisdictional facts. (*Blair* v. *Hamilton,* 32 Cal. 50.) While all natural and proper conclusions from the record will be indulged, where the performance or taking of necessary steps which ought to appear of record is not shown, it will be presumed that such steps were not taken. (5 Ency. of Pl. & Pr. 290.)

Waiving the question of the right of the court below to amend its records pending a proceeding for review in this court, it is apparent that the superior court failed to acquire jurisdiction of the person of the petitioner. The conviction of a citizen of a criminal offense without service on him of a formal statement of the charge against him and an opportunity to plead and answer such charge would be an anomaly in the law of criminal procedure. That a contempt proceeding is summary in its character is a reason why greater care should be taken in pursuing the steps required to reach a conviction, rather than a reason why certain steps necessary to the ordinary criminal proceeding should be omitted or overlooked.

Where an alleged contempt has been committed without the presence of the court or the judge at chambers, there is no step essential to a proper accusation and plea in an ordinary criminal case which can safely be omitted from the proceeding.

We are of opinion that the superior court was without jurisdiction to make the order made in this matter, and that an order of this court should be entered annulling said order and discharging said petitioner from custody, and it is so ordered.

Allen, P. J., and Shaw, J., concurred.