[Crim. No. 1166. First Appellate District, Division Two.—January 24, 1924.]

In the Matter of the Application of FRED W. LAKE for a Writ of Habeas Corpus.

[1] CONTEMPT — REMEDIES—SCOPE OF INQUIRY — EVIDENCE.—One who has been adjudged guilty of contempt has but two remedies—*habeas corpus* and *certiorari;* and the scope of the inquiry upon either cannot go beyond the question of jurisdiction, and the review of the evidence is limited to the sole purpose of determining, first, whether jurisdiction existed, and, second, whether jurisdiction was exceeded.

[2] ID.—JURISDICTION.—The inquiry whether a contempt has in fact been committed goes to the jurisdiction of the lower tribunal.

[3] ID.—RECORD—VOID JUDGMENT.—Unless the affidavit charging constructive contempt contains a statement of facts which shows on its face that a contempt has been committed, the court is without jurisdiction to proceed in the matter, and any judgment of contempt thereon is void; and in cases of direct contempt the order of commitment is void unless it shows on its face acts sufficient to constitute a legal contempt.

[4] ID.—NATURE OF PROCEEDING—PROOF.—A contempt proceeding is of a criminal nature, and a conviction of the offense can be supported only on a showing that the acts charged come within the definition of the offense.

[5] ID. — CHARGE OF BIAS AND PREJUDICE — GOOD FAITH — EVIDENCE—APPEAL—PRESUMPTIONS.—On a proceeding in *habeas corpus* to secure relief from a commitment on a judgment finding petitioner guilty of contempt of court, the charge against him having been based upon his having filed and presented in open court a certain affidavit charging the judge with bias and prejudice, where there was no charge or finding that the affidavit was not prepared, filed, and presented in absolute good faith or that any contempt

was willfully, maliciously, or intentionally committed, the peti-
tioner is entitled to the presumption of innocence of wrong and,
from the failure to produce evidence showing that he knowingly
and intentionally made false allegations, the reviewing court
must presume that, if produced, the evidence on that subject
would have been favorable to petitioner.

[6] ID.—BIAS AND PREJUDICE OF TRIAL JUDGE—BELIEF OF AFFIANT.—
The question of bias or prejudice on the part of the judge is
one which usually goes to his state of mind, and to lay the
foundation of the attack it is necessary for the party to allege
what he believes to be the state of mind of the judge; and if
this charge is made in a proper and respectful manner and in
good faith for the purpose of protecting the rights of his client,
the attorney is not guilty of contempt unless he goes out of
his way to introduce something purposely and gratuitously offen-
sive.

[7] ID. — AFFIDAVIT ON INFORMATION AND BELIEF — JUDGMENT UN-
SUPPORTED.—The mere fact that certain matters alleged in the
affidavit charging bias and prejudice were based upon informa-
tion and belief and that, upon oral examination of petitioner, it
was determined that he relied primarily if not exclusively upon
his beliefs and opinions, rather than upon any competent or
substantial information, did not justify the judgment of contempt,
where the matters thus alleged were not contemptuous *per se*, but
only referred to the judge's business and social associations with-
out any direct imputation upon his motives or integrity.

[8] ID.—OFFERING INCOMPETENT EVIDENCE.—In the trial of an issuable
fact, an attorney is not guilty of contempt in merely offering
insufficient, or even incompetent, evidence in an effort to prove
that fact.

[9] ID.—HABEAS CORPUS — EVIDENCE — PRESUMPTIONS — UNSUPPORTED
FINDINGS.—On a proceeding in *habeas corpus* to secure relief from
a commitment of petitioner on a judgment finding him guilty of
contempt of court, when the only evidence in the record and the
presumptions available to him are contrary to the findings and
conclusions of the trial court, such findings and conclusions must
be disregarded.

PROCEEDING in Habeas Corpus to secure relief from a
commitment for contempt of court. Commitment annulled
and petitioner discharged.

The facts are stated in the opinion of the court.

Henry C. McPike for Petitioner.

Ezra W. Decoto, District Attorney, Fitzgerald, Abbot & Beardsley and M. W. Dobrensky for Respondent.

NOURSE, J.—This is an application for relief under *habeas corpus* from a commitment of the petitioner on a judgment finding him guilty of contempt of court. The charges of contempt upon which the commitment was based arose out of the action of the petitioner in filing and presenting to the court in open session a certain affidavit charging the judge of the trial court with bias and prejudice in respect to the defendants in an action then pending before the court. That action was entitled *Central Savings Bank of Oakland* v. *Fannie D. Lake, F. W. Lake, A. F. Lake and E. D. Lake,* and was an action in ejectment by the purchaser at a trustees' sale under a deed of trust given to secure the payment of a promissory note. The case was before this court on June 18, 1923 (62 Cal. App. 588 [217 Pac. 563]), on an appeal by the defendants from the judgment of the superior court rendered by the same judge who issued the order of commitment involved in the pending proceeding. At that time we reversed the judgment, which was in favor of plaintiff, upon the ground that the recitals in the trustees' deed of the substitution and appointment of the trustees executing such deed in the place and stead of one of the trustees named in the deed of trust is not *prima facie* evidence of such substitution and appointment. Following this reversal the same cause was again called for trial before the same judge of the superior court and at the opening of the second trial thereof the petitioner herein, as attorney for the defendants in that action, and acting under the authority of section 170 of the Code of Civil Procedure, filed an affidavit claiming that the trial judge was disqualified because of interest in the subject matter growing out of his business relations with the plaintiff bank and other interrelated corporations; personal bias and prejudice against the defendants; and a fixed and determined state of mind consisting in his prejudice against the character of defenses which the defendants were interposing against plaintiff's cause of action, which prejudice grew out of the judge's connection as a stockholder and director of a large title insurance and trust company, which company in turn was engaged in an extensive business with the plaintiff in that action and others out

of which there arose many actions which involved the same questions that were to be litigated in the action then pending before the court. It was the claim of the defendants' counsel, as set forth in the affidavit referred to, that, because of this state of mind of the trial judge and because the defenses upon which he relied were more or less of a technical nature, the defendants would be unable to have a fair and impartial trial in that court. This claim was based to some extent upon the attitude of the trial judge at the first trial of the cause, but was based mainly upon the belief of the affiant that because of the judge's state of mind he would be unable to give to the defendants patient consideration of their defenses. On the filing of the affidavit the trial judge filed a counter-affidavit denying some of these allegations and thereupon found that he was not prejudiced or biased and continued with the trial of the case. At the same time he stated that some of the matters contained in the petitioner's affidavit were contemptuous and cited the petitioner to appear at the close of trial to show cause why he should not be punished for contempt. The record of these proceedings is not before us, but we have the affidavits and the judgment or order of commitment, which recites that a hearing was had and that the petitioner was found guilty of contempt.

On the hearing before us the petitioner urges that the order of commitment was in excess of the jurisdiction of the court because the record does not disclose that any contempt was committed. [1] Respondent makes the preliminary attack that this court is without power to review the proceedings in *habeas corpus* because the superior court had jurisdiction of both the person and the subject matter and its judgment is therefore final. This point has been raised and determined on so many occasions that we have assumed that it was no longer a debatable question. The statute, section 1222 of the Code of Civil Procedure, declares that the judgment in cases of contempt is final and conclusive. Thus, one who has been adjudged guilty of contempt has but two remedies— *habeas corpus* and *certiorari*. The scope of the inquiry which the court can make upon either *habeas corpus* or *certiorari* is precisely the same. (*Ex parte Drew*, 188 Cal. 717 [207 Pac. 249, 250]; *Commercial Bank etc.* v. *Superior Court*, 192 Cal. 395 [220 Pac. 422, 423].) While neither writ is one of error, both extend to the entire record of the court below and to the evidence itself when necessary to determine

jurisdiction. (*Hotaling* v. *Superior Court*, 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73, 75].) This inquiry, of course, cannot go beyond the question of jurisdiction and the review of the evidence is limited to the sole purpose of determining, first, whether jurisdiction existed; and, second, whether jurisdiction was exceeded. Thus, where the question is whether jurisdictional facts were or were not proved, the review extends not only to the entire record but to the evidence itself. (*Stumpf* v. *Board of Supervisors*, 131 Cal. 364, 367 [82 Am. St. Rep. 350, 63 Pac. 663]; *McClatchy* v. *Superior Court*, 119 Cal. 413, 419 [39 L. R. A. 691, 51 Pac. 696]; *Estate of Paulsen*, 179 Cal. 528, 529, 530 [178 Pac. 143]; *Great Western Power Co.* v. *Pillsbury*, 170 Cal. 180, 185 [149 Pac. 35]; *Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903, 907]; *Hotaling* v. *Superior Court*, 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73, 75].) In *Van Hoosear* v. *Railroad Com.*, *supra*, the supreme court, on this point, say (189 Cal. 236 [207 Pac. 906]): "That under a writ of review, the evidence of facts upon which the lower court or tribunal depended for its jurisdiction may be considered, and its judgment set aside if jurisdiction is without support in the evidence, is beyond dispute." In the same case the court quoted with approval the following passage from *McClatchy* v. *Superior Court*, *supra*: "While the writ of *certiorari* is not a writ of error, 'it is nevertheless,' as suggested in *Schwartz* v. *Superior Court*, 111 Cal. 112 [43 Pac. 580], 'a means by which the power of the court in the premises can be inquired into; and for this purpose the review extends not only to the whole of the record of the court below, but even to the evidence itself, when necessary to determine the jurisdictional fact.' If, then, by looking at the evidence we can see that the court exceeded its power, we have a right to examine the evidence for that purpose."

[2] The next question which presents itself for consideration is: Does the inquiry whether a contempt has in fact been committed go to the jurisdiction of the lower tribunal. Upon the weight of authority this question must be answered in the affirmative. (*Van Hoosear* v. *Railroad Com.*, *supra;* *Hotaling* v. *Superior Court*, *supra; Commercial Bank etc.* v. *Superior Court*, *supra*.) In these cases the judgment of contempt was annulled by the supreme court and in the Hotaling case it was said (p. 108): "But we think that if all the facts

alleged in the affidavits constituting the complaint had been proved by competent and conclusive evidence, this order should still be annulled *because those facts do not amount to a contempt of court.*"   (Italics ours.)

The reason for this rule is clearly stated in the Hotaling case, from which we quote (191 Cal. 501 [29 A. L. R. 127, 217 Pac. 74]) : "Contempt of court is a specific criminal offense.  (*McClatchy* v. *Superior Court,* 119 Cal. 413 [39 L. R. A. 691, 51 Pac. 696] ; *Ex parte Gould,* 99 Cal. 360 [37 Am. St. Rep. 57, 21 L. R. A. 751, 33 Pac. 1112] ; *Ex parte Hollis,* 59 Cal. 408; *Reymert* v. *Smith,* 5 Cal. App. 380 [90 Pac. 470]).  A contempt proceeding is not a civil action either at law or in equity (herein disagreeing with *Ex parte Selowsky,* 189 Cal. 331 [208 Pac. 99, 100]) . . . , but is a separate proceeding of a criminal nature and summary character (*McClatchy* v. *Superior Court, supra; In re McCarty,* 154 Cal. 534 [98 Pac. 540] ; *Schwartz* v. *Superior Court,* 111 Cal. 106 [43 Pac. 580] ; *Selowsky* v. *Superior Court,* 180 Cal. 404 [181 Pac. 652]), in which the court exercises but a limited jurisdiction. . . . The proceeding is of such a distinctly criminal nature that a mere preponderance of evidence is insufficient."   Following this statement of principles the court then announces the rule in such clear and succinct language that we can do no better than quote it in full: "While the writ of *certiorari* is not a writ of error, it nevertheless extends to the whole of the record of the court below and even to the evidence itself where necessary to determine jurisdiction.  (*Schwartz* v. *Superior Court, supra; McClatchy* v. *Superior Court, supra; Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180 [149 Pac. 35].)  *In reviewing this proceeding, the charge, the evidence, the findings and the judgment are all to be strictly construed in favor of the accused* (*Schwartz* v. *Superior Court, supra), and no intendments or presumptions can be indulged in aid of their sufficiency.  (Frowley* v. *Superior Court, supra.)  If the record* of the proceedings, reviewed in the light of the foregoing rules, *fails to show affirmatively upon its face* the existence of all the necessary facts upon which jurisdiction depended, the order must be annulled.  (*Frowley* v. *Superior Court, In re McCarty,* and other cases above cited.)"   (Emphasis ours.)

The court was there considering a case of constructive contempt. The case before us is one charging a contempt committed in the immediate view and presence of the court. The difference is that in cases of constructive contempt an affidavit must be filed containing a formal charge upon which a hearing must be held, while in these cases the court may proceed summarily without a charging affidavit. In the latter case the order of commitment must state the facts constituting the contempt (sec. 1211 Code Civ. Proc.) and, on review, this order must bear the same scrutiny as is given the affidavit in the former case. [3] There is no deviation from the rule that unless the affidavit charging constructive contempt "contains a statement of facts which shows on its face that a contempt has been committed, the court is without jurisdiction to proceed in the matter, and any judgment of contempt thereon is void." (5 Cal. Jur., pp. 938, 939.) There is the same unanimity of opinion supporting the rule that in cases of direct contempt the order of commitment is void "unless it shows on its face acts sufficient to constitute a legal contempt. The order must contain a statement of facts equivalent to those which the law says must be incorporated in an affidavit for constructive contempt; and such facts must prove the contempt. Mere conclusions are not sufficient." (5 Cal. Jur., pp. 950, 951.)

[4] The proceeding being one of a criminal nature, a conviction of the offense can be supported only on a showing that the acts charged come within the definition of the offense. Contempt is defined in section 1209 of the Code of Civil Procedure. The only provisions of that section which could be applicable here are those contained in the first subdivision—"Disorderly, contemptuous, or insolent behavior toward the judge while holding the court, tending to interrupt the due course of a trial or other judicial proceeding." With this in mind we come to the merits of the petition which alleges that "no public offense, to wit, a contempt in respect to the said Honorable T. W. Harris or of the authority of the said Superior Court was committed by your petitioner." The order of commitment to which we must refer for the statement of the facts constituting the contempt sets forth that it lay "in the filing of said affidavit and the presentation of the same and causing the same to be read in open Court and in the immediate view and presence of the Court." Taking the entire judgment or order

from beginning to end, we find nothing but the conclusions of the trial judge that certain allegations in the affidavit were false, that they contained imputations upon the motives of the judge and attacks upon his integrity, and that other allegations were made upon information and belief, but that the petitioner "relied primarily if not exclusively upon his beliefs and opinions rather than upon any competent or substantial information."

[5] There is no charge or finding that the affidavit was not prepared, filed, and presented in absolute good faith or that any contempt was willfully, maliciously, or intentionally committed. In this respect the petitioner is entitled to the benefit of all the presumptions, and particularly of the presumption of innocence of wrong. To charge him with having knowingly and intentionally made false allegations would have implied the charge of perjury. Another presumption available to petitioner herein is that from the failure to produce such evidence we must presume that if produced it would have been adverse—that is to say, it would have been favorable to petitioner. Here as in *Works* v. *Superior Court*, 130 Cal. 304, 308 [62 Pac. 507, 508], "There is no finding or recital or charge that the affidavit was presented otherwise than respectfully and properly, or with any other object than to secure the legal rights of petitioner's client, or with any intention to reflect upon or give offense to the judges of said court." From the failure to so charge and so find it must be presumed that the affidavit was filed in good faith because no presumptions can be indulged in to support the judgment. (*Hotaling* v. *Superior Court, supra.*) The rights of the petitioner are defined in *Works* v. *Superior Court,* from which we quote: "For it cannot be doubted that since the amendment of section 170 of the Code of Civil Procedure, adopted in 1897 (Stats. 1897, p. 287), any party to an action may object to a judge upon the ground that he is so prejudiced and biased as to be incapable of trying the cause fairly and impartially, and that he may support his objection by affidavit showing such bias. Having this clear legal right, neither the party nor his attorney can be held guilty of a contempt of court in making the objection or in supporting it by proof unless he goes out of his way to introduce something purposely and gratuitously offensive."

A case very similar to the one under consideration is *Tjosevig* v. *United States*, 255 Fed. 5 [166 C. C. A. 333]. There the circuit court of appeals had under review a contempt order based upon an affidavit charging the judge with bias because of his close political intimacies with the plaintiff and because the plaintiff had through his political influence been instrumental in securing the judge's appointment. Though the trial court found that the charges were false, that they were defamatory and scandalous and not filed in good faith, the circuit court set aside the commitment because the evidence was not sufficient to show bad faith. The rule of the case appears in the quotation made from 6 R. C. L., p. 494, as follows: "An attorney may in a proper case, in a respectful manner, as, for example, on an application for change of venue, allege that the judge is prejudiced against his client, and unless the act is done with reckless disregard of truth, or with the express intention to reflect upon the honor and integrity of the judge, it is not a contempt."

Here the further finding is made that these allegations contained imputations upon the motives and integrity of the judge. This must be true to a certain degree of every charge made against a judge on the grounds of bias and prejudice, as well as in a charge of personal interest. (*Works* v. *Superior Court, supra.*) If a judge has a personal prejudice against a party or a bias as to the subject so that he cannot give the party a fair and impartial hearing, his motives in insisting upon conducting the trial are in a measure impugned. [6] The question of bias or prejudice on the part of the judge is one which usually goes to his state of mind. To lay the foundation of the attack it is necessary for the party to allege *what he believes* to be the state of mind of the judge. If this charge is made in a proper and respectful manner and in good faith for the purpose of protecting the rights of his client, the attorney is not guilty of contempt unless he goes out of his way to introduce something "purposely and gratuitously offensive." (*Works* v. *Superior Court, supra.*) (See, also, *Mullin* v. *People*, 15 Colo. 437 [22 Am. St. Rep. 414, 9 L. R. A. 566, 24 Pac. 880]; 13 Cor. Jur., p. 32; 6 R. C. L., pp. 494, 495.) Here there is no charge, recital, or finding that in the case before us any matter was included in the affidavit for the sole purpose of giving offense or that the facts therein alleged, from which the judge himself drew the inference that they were

attacks upon his motives or integrity, were not alleged in good faith and without the intention to reflect upon the judge. Here, again, we must presume that good faith and good intentions existed.

[7] Finally, it is argued that certain matters alleged in the affidavit were based upon information and belief and that, upon the *oral examination* of petitioner, it was determined that he "relied primarily if not exclusively upon his beliefs and opinions rather than upon any competent or substantial information." From this it is argued that we must apply the rule stated in *Lamberson* v. *Superior Court,* 151 Cal. 458, 464 [11 L. R. A. (N. S.) 619, 91 Pac. 100, 102]: "So, while it is true that matters which are pertinent to the consideration and which are charged as facts are admissible, without reference to their effect upon the reputation of the judge, or of any one else, it is equally true that neither attorney nor litigant has any right to present such degrading accusations under the guise of mere belief, without the aid of a single supporting fact." But in the Lamberson case the affidavit charged the judge with corruption and was thus contemptuous *per se.* Such is not the case here because the affidavit merely charges bias growing out of the judge's business and social associations without any direct imputation upon the judge's motives or integrity. If, as seems to be urged by respondent, the failure to state the sources of information was contempt in itself, the answer is that this merely goes to the sufficiency of the affidavit as proof of the fact of bias. [8] It never has been held that in the trial of an issuable fact an attorney is guilty of contempt in merely offering insufficient, or even incompetent, evidence in an effort to prove that fact.

Here the direct finding is that these allegations were not based "upon any competent or substantial information." Again we have the mere conclusion of the judge unsupported by any of the facts appearing on the oral hearing. The order recites that the affidavit of the petitioner and the counter-affidavits were before the court and were considered on the hearing. These comprise the only evidence in the record before us. Taking the record as we have it, it appears that the sworn affidavit of the petitioner alleges that he did have such information and belief. This allegation is not denied by the counter-affidavit of the trial judge or by any other denials or evidence appearing in the record. It

therefore stands as an admitted fact in the case. If the allegations were untrue, then the petitioner committed perjury when he supported them with his oath. The presumption, of course, is that he did not commit perjury. In the face of this presumption, taken with the clear record before us, it is necessary to conclude that the finding of the trial judge is unsupported. As said in *Hotaling* v. *Superior Court, supra:* ''The proceeding is of such a distinctly criminal nature that a mere preponderance of evidence is insufficient.'' It was said in *In re Buckley*, 69 Cal. 1, 3 [10 Pac. 69, 70] : ''We know of no rule of law in this state authorizing any court to fine and imprison a person on a mere preponderance of evidence as to his guilt. The guilt must be established by clear and satisfactory proof, and generally, if not always, in criminal actions, beyond a reasonable doubt.'' [9] So when the only evidence in the record and the presumptions available to the petitioner are contrary to the findings and conclusions of the trial court, these must be disregarded.

For the reasons given the order of commitment is annulled and the petitioner discharged.

Sturtevant, J., and Langdon, P. J., concurred.