[Civ. No. 10871. First Appellate District, Division Two.—July 5, 1938.]

VINCENT W. HALLINAN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Vincent Hallinan, *in pro. per.*, William F. Herron and Carey Van Fleet for Petitioner.

Bartley C. Crum for Respondents.

STURTEVANT, J.—The petitioner applied for a writ of review for the purpose of having annulled an order made by the superior court, Honorable Louis H. Ward presiding judge thereof, adjudging the petitioner guilty of contempt of court. On reading and filing the petition this court made an order

setting the hearing of the application for June 17, 1938, at 2. P. M., and directed that notice in writing of said hearing be given to the respondents prior to 5 o'clock on June 14, 1938, the date the application was filed. The notice was served on the same date. On the return date the respondents served and filed, pursuant to stipulation with counsel, a copy of the record in the court below, together with a certified transcript of the reporter's notes. Both parties assuming that the copy of the record was true and correct, the hearing in this court was had thereon.

On the 13th day of June, 1938, Honorable Louis H. Ward, one of the judges of the Superior Court of the City·and County of San Francisco, was the presiding judge thereof and acting as such; shortly after 10 o'clock in the forenoon of said date he was holding court in room 457 on the fourth floor of the city hall in the city and county of San Francisco; said room was the room ordinarily used for the purpose of calling the title of and assigning cases to the respective trial departments; that among other cases to be called and assigned was action number 272,742, records of said superior court and entitled *Thorwald Thompson, Plaintiff*, v. *Market Street Railway Co., a Corporation, et al., Defendants;* at said time and place many persons were present, among others the jurors who were to be directed to attend the department to which any of the jury cases were assigned for trial; that the attorneys for the plaintiff in said action were Emmet R. Burns, Esq., and Vincent W. Hallinan, Esq.; that the presiding judge called said action by its title and announced that the same was assigned to department eight, Honorable T. I. Fitzpatrick, judge thereof; when said announcement was made Emmet R. Burns, Esq., presented an affidavit and asked permission to file the same; said affidavit is and was in words and figures as follows, to wit:

"Vincent W. Hallinan, being first duly sworn, deposes and says: That he is one of the attorneys for the plaintiff in the above entitled action; that a fair trial cannot be had of said action, or any action against the defendant Market Street Railway Company before Honorable T. I. Fitzpatrick, one of the judges of the above entitled court; that affiant has made a study of every case against said defendant tried in the department of said judge which has come to affiant's attention and that as far as affiant has been able to discover said judge

has permitted only one verdict against said defendant to stand in a period of more than ten years; *that said defendants by and and with the assistance of Thomas Mulvey, the Secretary of said Court, 'jockey' difficult cases against them into said judge's department;* that his rulings are always favorable to said defendant, and that if the plaintiff recovers a verdict and said defendant moves for a new trial, the said judge invariably grants its motion; that on Friday, June 10, 1938, two matters involving said Market Street Railway Company were decided in said department, in one of which a verdict in favor of said defendant was entered and in the other, where plaintiff had recovered a verdict, said judge granted a new trial; and affiant believes and therefore alleges that if this case is assigned to the department of said judge and a verdict recovered by the plaintiff, the same will share the fate of practically every other verdict recovered by the plaintiff in said department, and affiant believes and therefore alleges said judge is disqualified to try said cause by reason of a bias and prejudice existing in favor of said defendant, preventing plaintiffs in having a fair trial.

"VINCENT HALLINAN."

(Italics ours.)

That thereupon Honorable Louis H. Ward, said presiding judge, directed Mr. Burns to send for Mr. Hallinan; when Mr. Hallinan appeared the said judge informed him of Mr. Burns' offer to file said affidavit, of the judge's request that Mr. Hallinan be called, and thereupon said judge specifically called Mr. Hallinan's attention to the language which we have italicized and said: "The Court: Now, in reference to that matter this Court and the Presiding Judge thereof, if this affidavit is filed in its present form, in advance, I must tell you, will consider that language contemptuous of this Judge and this Court." After a colloquy between the court and the petitioner the latter stated: "Now, I have read that affidavit, I prepared it, I dictated it, I signed it, and I stand upon it, and I don't think there is a word in it contemptuous of anybody. And I think the affidavit is perfectly fair and states the facts. . . . I will not withdraw any part of it. . . . I want it filed. . . . Well, at this time I offer in evidence, if the court please, an affidavit in the case of *Thorwald Thompson* v. *Market Street Railway Company,* on a motion to disqualify Judge Fitzpatrick, on the ground that a fair

trial against that defendant cannot be obtained before that judge. . . . The Court: Let the record show that in his remarks this morning Mr. Hallinan said the secretary attempted to jockey cases into certain departments; let the record also show that, upon an affidavit and a motion to disqualify a judge, the affidavit sets forth that the said defendant, by and with the assistance of Timothy I. Fitzpatrick and the secretary of said court, jockeyed difficult cases against them into said judge's department; let the record show that the filing of such an affidavit is a reflection upon the honor and the integrity of the presiding judge of the superior court." To said statements of said court the petitioner made no reply. After further colloquy the said judge announced in open court his ruling as follows: "I am only interested in one thing, and that is the filing of an affidavit that is a reflection upon this court and the presiding judge of the court. The court at this time adjudges that the filing of such affidavit is contemptuous and that the party who filed it and signed it, Mr. Vincent Hallinan, is in contempt of court and I so adjudge you in contempt of court, and direct accordingly that you be confined in the county jail for a period of one day. Mr. Bailiff, take him into custody." Each and all of the foregoing matters appear in the commitment. It also appears that the judge found the facts to be and recited in the commitment, "That the filing of said affidavit interrupted the orderly conduct of the proceedings of the said court and interfered with the administration of justice; that the language, towit, that said defendants by and with the assistance of Thomas Mulvey, the secretary of said court, 'jockeyed' difficult cases against them into said judge's department; and the filing thereof was calculated to and was offensive and contemptuous, and said contemptuous conduct was committed in the immediate presence of the court."

Having disposed of the contempt proceedings Judge Ward called attention to the fact that the jurors had been in attendance, had heard all of the proceedings, and that it could not be said as a matter of law that they had not been prejudiced. Thereupon he ordered the Thompson case continued and took up the consideration of other matters pending before the court.

The petitioner contends that he was within his rights in presenting the affidavit and that he was authorized to do

so under and by virtue of the provisions of section 170 of the Code of Civil Procedure. In so far as pertinent to the matter before us, said section provides: "Section 170. Actions or proceedings in which judge or justice may not sit or act: Disqualification and proceedings thereon. No justice, judge or justice of the peace shall sit or act as such in any action or proceeding: . . . 5. When it is made to appear probable that, by reason of bias or prejudice of such justice, judge, or justice of the peace a fair and impartial trial cannot be had before him. . . . Objection to trial before judge of court of record. Whenever a judge of a court of record who shall be disqualified under the provisions of this section, to sit or act as such in any action or proceeding pending before him, neglects or fails to declare his disqualification in the manner hereinbefore provided, any party to such action or proceeding who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of such matter or the trial of any issue of fact or law in such action or proceeding before such judge, and setting forth the fact or facts constituting the ground of the disqualification of such judge. . . . '' That section is not helpful. It is addressed to the judge who is about to try an issue of fact or law. There is no claim that Judge Ward was about to try an issue of fact or law in the case of *Thompson* v. *Market Street Railway Company*. He was merely performing the duty of assigning cases. The petitioner disclaims that he was asserting the disqualification of Judge Ward and asserts that he was claiming the disqualification of Judge Fitzpatrick. Assuming that his claim is made in good faith, he was clearly out of order in presenting his affidavit to the presiding judge instead of to the judge of the department in which the action was to be tried. In presenting the affidavit in the department of the presiding judge, reading it, and publishing it, he acted solely at his peril. He did these things intentionally and wilfully because he was notified in advance, requested to strike out the objectionable material, and warned that he would be adjudged guilty of contempt if he neglected to do so. However, being informed of all of the facts, and no doubt knowing the law, he persisted in going forward. A similar situation was presented to the Criminal Court of Appeals of Oklahoma in the case entitled *Ex parte Sullivan,* 10 Okl. Cr. 465 [138 Pac. 815,

Ann. Cas. 1916A, 179]. At page 819 that court said: "It goes without saying that when an attorney or party files a paper, reflecting upon the integrity, fairness, and impartiality of the court, except where the statute makes it grounds for disqualifying the judge, or obtaining a new trial on account of the alleged prejudice or bias, or for the purpose of change of venue, he thereby makes himself guilty of a criminal contempt."

In what was said in the last paragraph it was assumed that the petitioner was in good faith addressing the affidavit to the disqualification of Judge T. I. Fitzpatrick. However, taking all of the circumstances it is perfectly obvious that such was not the intention of the petitioner, but that the intention of the petitioner was to besmirch the character of not only Judge Fitzpatrick but of Judge Ward also. Few laymen, and we assume no lawyer connected with the Bar in San Francisco, are ignorant of the fact that under the law all actions and proceedings commenced in the superior court are in the first instance within the jurisdiction of the presiding judge and remain there until said business is by him distributed among the judges of said court (213 Cal. xciii-xcvi). The secretary may prepare lists, etc., but performs no function whatever in the assignment of cases. It follows that when the petitioner used the expression we have italicized it was clearly his intention to refer to the acts, at least in part, of the presiding judge. The portions of the colloquy quoted above clearly show Judge Ward understood such to be the fact and the record discloses no attempt whatever on the part of the petitioner to deny it.

The petitioner asserts that there was nothing in the affidavit that was contemptuous. Judge Ward thought there was. Most assuredly we are unable to say there was no evidence thereof. Bearing in mind, as shown above, that there is nothing in section 170 of the Code of Civil Procedure which authorized the filing of the affidavit in the department presided over by Judge Ward, and bearing in mind that whether Judge Fitzpatrick was disqualified or otherwise, Judge Ward under the facts had no authority to hear and determine that issue, it is patent the affidavit was written with the object in view of showing contempt for the presiding judge and to interrupt and interfere with the administration of justice. Prior to going to court to hear the assignment of cases, Mr. Burns and

Mr. Hallinan caused the affidavit to be prepared. Mr. Hallinan assumed the entire responsibility of the wording thereof. Considering those facts in connection with what subsequently occurred, we think it is obvious that it was intended to interrupt and interfere with the administration of justice and that, in the event the case should be assigned to department eight, Honorable T. I. Fitzpatrick, judge, the mere filing of the affidavit in the department of the presiding judge would cause the latter to recall the assignment and make a different assignment and thus obtain a change of judges without complying with the provisions of section 170 of the Code of Civil Procedure.

The petitioner asserts that the affidavit hereinabove set forth does not contain any language that is contemptuous. He cites and relies on *In re Lake,* 65 Cal. App. 420 [224 Pac. 126] ; *Hotaling* v. *Superior Court,* 191 Cal. 501 [217 Pac. 73, 29 A. L. R. 127] ; *In re Cunha,* 123 Cal. App. 625 [11 Pac. (2d) 902, 18 Pac. (2d) 979]. The first case is in point, but is not helpful to the petitioner. Conceding that the petitioner was claiming an attempt to disqualify Judge Fitzpatrick, that part of the affidavit which we have italicized was not material as showing prejudice on the part of Judge Fitzpatrick but was ''purposely and gratuitously offensive'' to Judge Ward. (*In re Lake, supra,* 428.) The other two cases involve constructive contempts, whereas in the instant case a direct contempt is involved.

Finally, the petitioner contends that the order adjudging him guilty of contempt was void because the petitioner was given no trial on the issue of the truth of the charges and his good faith in making them. As the affidavit was presented in the presence of the court there is no merit whatever in the contention. (*Lamberson* v. *Superior Court,* 151 Cal. 458, 460 [91 Pac. 100, 11 L. R. A. (N. S.) 619] ; *Blodgett* v. *Superior Court,* 210 Cal. 1 [290 Pac. 293, 72 A. L. R. 482] ; *Ex parte Sullivan,* 10 Okl. Cr. 465 [138 Pac. 815, 818, Ann. Cas. 1916A, 719].)

The order is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 4, 1938, and an applica-

tion by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 1, 1938.