[Civ. No. 1001.   Fifth Dist.   Aug. 26, 1968.]

UNITED FARM WORKERS ORGANIZING COMMITTEE, AFL-CIO et al., Petitioners, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; GIUMARRA BROS. FRUIT CO. et al., Real Parties in Interest.

Jerome Cohen for Petitioners.

No appearance for Respondent.

Doty, Quinlan & Kershaw and William A. Quinlan for Real Parties in Interest.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

CONLEY, P. J.—United Farm Workers Organizing Committee, AFL-CIO, an unincorporated labor organization, on strike, and Epifanio Camacho, one of the strikers, petitioned this court for a writ of prohibition to prevent the Superior Court of the State of California in and for the County of Kern from proceeding to hear a petition for civil contempt in the absence of a jury. The strike in which the petitioners are involved has been pending for a number of months and involves vineyard workers formerly employed by Giumarra Bros. Fruit Co., Giumarra Farms, Inc., and Giumarra Vineyards Corporation. The superior court heretofore issued a comprehensive order setting forth the limits of permitted activity on the part of the strikers, and, thereafter, at the instance of the Giumarra Bros. organizations, citations were issued ordering the strikers to show cause why they should not be held guilty of contempt by disobeying the injunction; the citations specify the instances of contempt, including some 11 charges against Epifanio Camacho and the petitioner organization above mentioned.

It is an unquestioned fact that the penalties which may be inflicted if the petitioners should be found to be guilty of contempt are as follows: if Epifanio Camacho should be found guilty of each and all of the 11 charges of contempt still pending, he could be sentenced to jail for five days on each of the charges, or a total of 55 days in jail, and could be ordered additionally to pay the sum of $5,500, and the organization could also be fined a total of $5,500.

▉ Before considering any other question, we must first determine whether or not the rules mentioned in the opinions of the United States Supreme Court are applicable to the situation. The general authorities which are relied upon by the petitioners are three cases decided by the Supreme Court of the United States on May 20, 1968: *Duncan* v. *Louisiana*, 391 U.S. 145 [20 L.Ed.2d 491, 88 S.Ct. 1444]; *Bloom* v. *Illinois*, 391 U.S. 194 [20 L.Ed.2d 522, 88 S.Ct. 1477]; and *Dyke* v. *Taylor Implement Mfg. Co., Inc.*, 391 U.S. 216 [20 L.Ed.2d 538, 88 S.Ct. 1472]. These cases hold that upon the trial of *criminal contempt cases* the rights given by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution permit the defendant anywhere in the United States to demand and obtain a jury trial if a serious penalty might result. That this holding refers exclusively to criminal contempts is apparent from the meticulous care with which the

court always qualifies the word "contempt" with the adjective "criminal" in each and all of the three opinions.

The present proceeding in the trial court is not an alleged criminal contempt (see Pen. Code, §§ 11, 166, 657, 1331 and 1324), but unquestionably it is what is termed a civil contempt. (Code Civ. Proc. § 1209.) This fact is apparent not only from the petition and the briefs filed by the parties herein, but it was also expressly stipulated to be true by the respective parties during the oral argument.

It is not a permissible function of this court to enlarge the holding of the Supreme Court of the United States, which referred expressly to criminal contempts, by extending the holding to include civil contempts. In fact, the United States Supreme Court itself has very carefully distinguished between the two types of contempt. In its opinion in *Cheff* v. *Schnackenberg*, 384 U.S. 373 [16 L.Ed.2d 629, 86 S.Ct. 1523], which might be termed a prelude to the three cases referred to at the beginning of this opinion and which was decided June 6, 1966, the Supreme Court of the United States said at page 377 [16 L.Ed.2d at p. 632]:

". . . a jury trial is not required in civil contempt proceedings, as we specifically reaffirm in *Shillitani* [*Shillitani* v. *United States,* 384 U.S. 364 (16 L.Ed.2d 622, 86 S.Ct. 1531)], *supra.*"

In the *Shillitani* case, 384 U.S. 364 [16 L.Ed.2d 622, 86 S.Ct. 1531], reported with *Pappadio* v. *United States,* it is said at page 365 [16 L.Ed.2d at p. 624]:

"We hold that the conditional nature of these sentences renders each of the actions a civil contempt proceeding, for which indictment and jury trial are not constitutionally required."

It is true that in this state there have been statements made from time to time by the upper courts that the proceedings in civil contempt hearings are in certain aspects at least of a criminal nature (*Phillips* v. *Superior Court,* 22 Cal.2d 256, 257 [137 P.2d 838]; *Freeman* v. *Superior Court,* 44 Cal.2d 533 [282 P.2d 857]; *Darden* v. *Superior Court,* 235 Cal.App. 2d 80 [45 Cal.Rptr. 44]; *Hickman* v. *Superior Court,* 233 Cal.App.2d 664 [43 Cal.Rptr. 721]; *Martin* v. *Superior Court,* 199 Cal.App.2d 730 [18 Cal.Rptr. 773]; *Nieri* v. *Nieri,* 124 Cal.App.2d 292 [268 P.2d 547]; *In re Shackelford,* 116 Cal. App.2d 864 [254 P.2d 610]; *Chula* v. *Superior Court,* 109 Cal.App.2d 24 [240 P.2d 398]; *In re Lake,* 65 Cal.App. 420

[224 P. 126] ; *Reymert* v. *Smith,* 5 Cal.App. 380 [90 P. 470] ).

However, none of the California cases cited considers the question whether the right to a jury trial is involved in a civil contempt. The requirement of a trial by jury in a criminal contempt with a serious penalty is a federal question, and it is not alleged that the rule announced by the United States Supreme Court has been violated; hence, there is no right here to a writ of prohibition.

It is thinkable that the Supreme Court of the United States or of this state or the Legislature of California may at some future time reach the conclusion that in a civil contempt hearing a jury may be required as a matter of right. But that is not equivalent to saying that this intermediate appellate court may legitimately initiate for the first time a holding that it is the constitutional right of a participant in a civil contempt hearing where the penalty is serious to demand a trial by a jury.

The petition for a writ of prohibition is denied, and the temporary stay order is set aside.

Gargano, J., concurred.

Stone, J., deeming himself disqualified, did not participate.

Petitioners' application for a hearing by the Supreme Court was denied October 23, 1968.