[Crim. No. 4963.   Second Dist., Div. Three.   Mar. 24, 1953.]

In re FLANDERS L. SHACKELFORD, on Habeas Corpus.

Porter & Ragland for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), William E. Lamoreaux, Deputy County Counsel, S. Ernest Roll, District Attorney, and Jere J. Sullivan, Deputy District Attorney for Respondent.

WOOD (Parker), J.—Petition for writ of habeas corpus. On October 27, 1952, in the case of *Mary Ann Shackelford* v. *Flanders L. Shackelford,* the superior court made an order (1) that defendant move from the family home and give possession thereof to plaintiff on or before December 1, 1952, and (2) restraining him from transferring or disposing of any community property, except in the ordinary course of business or for necessities of life. He was present when the order was made and heard it pronounced. An order was made requiring him to appear on December 17, 1952, and show cause why he should not be adjudged guilty of contempt of court in failing to comply with said order of October 27th. He was adjudged guilty and sentenced to five days' imprisonment and fined $500—to serve one day in jail for each $2.00 of the fine unpaid. During the hearing upon the order to show cause, before Commissioner John F. Aiso, the commissioner asked the attorneys for plaintiff and defendant to stipulate that he might make an inspection of the said home and the place of business of defendant. The findings of the commissioner show that he asked for such a stipulation but do not show whether the stipulation was made. In his affidavit herein the commissioner states that "he requested and received the oral stipulation." It is also to be observed that it is not shown in the findings or at all whether the alleged stipulation provided that the inspection should be made in the presence of the parties and their counsel. The parties and their counsel did go to the premises, and it will be assumed that there was a stipulation that an inspection might be made in the presence of the parties and their counsel. (It seems that the inspection was to be made for the purpose of determining whether certain furniture was in the home.)

The commissioner, the plaintiff, her attorney and two witnesses (Dent and Black) went in plaintiff's automobile to said home and, according to the affidavit of the commissioner, they arrived at the home two or three minutes before the defendant and his attorney arrived there. According to the affidavit of the witness Dent, the following things occurred at the home before defendant and his attorney arrived: all the persons who went in plaintiff's automobile entered and examined the home; she (Dent) was requested to get certain books and papers and she went to her home, which is next door, and brought to the Shackelford home certain books and papers and the commissioner examined them; a truck driver drove up

and came to the door of the home, and the commissioner talked to him; she then left the home.

The commissioner stated in his affidavit that: he inspected the home in the presence of the parties and their counsel; that no testimony or evidence was given or received on the trip to or returning from the home; that no witness testified in said matter out of the presence of "affiant [defendant]" and his counsel; that witness Dent brought certain books and papers to the commissioner at the home in the presence of defendant and his counsel, and he (commissioner) informed said witness that he could not consider the documents; his findings and recommendation (a copy of which is attached to his affidavit) were based upon the evidence given in court and the inspection of the home and place of business, and upon no other evidence.

A question in the order to show cause proceeding was whether the defendant (petitioner herein) had removed furniture from the home. It is stated in the findings of the commissioner among other things, that: "There was on door at arrival [at the home] a note reading: 'I come by but you were not home. Davis the truck man. 1235 Naomi Ave., PR 4954. (signed) U. Davis' and while referee [commissioner] was there this truck man drove up, stating defendant told him last Friday to call for food to be delivered to his concession."

Petitioner's attorney (who went to the home with petitioner) stated in his affidavit that he and petitioner were not present when the commissioner found the truck driver's note, or when the commissioner talked to the truck driver, or when the commissioner examined the records and papers presented to him by witness Dent; and that they have never seen said records or papers.

The petitioner asserts in his petition that, when he and his attorney were not present, the commissioner inspected the home and the witness Dent exhibited the books and papers to the commissioner; and that the commissioner's recommendation to the court was influenced by evidence received when petitioner and his attorney were not present.

■ Although the commissioner states in his affidavit that his findings and recommendation were based only upon the evidence given in court and upon the inspection of the home and place of business, it does appear that his findings contain (1) a statement as to contents of a note which was on the door of the home when the commissioner arrived, and (2) a statement as to what the truck driver said that defendant had

told the truck driver on Friday about calling for and delivering food. It is conceded that the commissioner arrived at the house at least two or three minutes before defendant and his attorney arrived. It is also conceded that the witness Dent exhibited certain books and papers to the commissioner. The affidavits are not in accord, however, as to whether the commissioner examined the books and papers. Dent stated that the commissioner examined the documents before the defendant and his attorney arrived. The commissioner stated that the documents were exhibited to him in the presence of defendant and his attorney, and that he informed Dent that he could not consider them. Irrespective of whether the commissioner examined the books and papers, it does appear that, in addition to inspecting the premises, he received evidence regarding the contents of the truck driver's note, and evidence as to what the truck driver had told the defendant about calling for and delivering food. The fact that the commissioner included in his findings the matters regarding the note and oral statement of the truck driver makes it clear that the commissioner considered that such additional evidence was material in determining whether the defendant was guilty of contempt of court. It is to be assumed that said findings had an important bearing upon the recommendation which he made as to guilt and punishment. The evidence received regarding those matters was not within the scope of an inspection of the home for the purpose of determining whether certain furniture was therein. ▮ A contempt of court proceeding is of a criminal nature and summary character. (*Hotaling* v. *Superior Court,* 191 Cal. 501, 504 [217 P. 73, 29 A.L.R. 127].) ▮ The petitioner (defendant) was entitled to be confronted by the witnesses, to have an opportunity to cross-examine them, and to examine the documentary evidence. It does not appear that he was accorded those rights. ▮ The findings in a contempt of court proceeding are to be strictly construed in favor of the accused and the presumption in favor of the regularity of proceedings and judgment does not apply in contempt matters. (*Groves* v. *Superior Court,* 62 Cal.App.2d 559, 568 [145 P.2d 355].) ▮ Receiving such additional evidence without according the petitioner such above-mentioned rights of confrontation and examination was a denial of a fair hearing, and amounted to a denial of due process of law.

▮ Reference should be made to another finding of the commissioner. That finding is that "defendant is found to be

an unadulterated liar.'' There was no issue before the commissioner as to the general reputation of the petitioner for truth. If the petitioner made any statements, with respect to material matters, which were not true, it would have been proper to find that specific statements were not true. This finding as to character, under the circumstances herein, was gratuitous and intemperate, and indicates that the commissioner did not appreciate his judicial responsibility. It cannot be said that the commissioner's findings were prepared. carefully. As above shown, it appears that the finding regarding the stipulation was incomplete.

The petition for a writ of habeas corpus is granted, and the petitioner is discharged.

Vallée, J., concurred.

SHINN, P. J.—I concur. The record does not contain a copy of any affidavit accusing petitioner of violating the order. The commitment recites that he had knowledge of the order, had ability to comply with it and had not done so. As a basis for an adjudication of contempt this was the statement of a conclusion. It was necessary that petitioner be accused of some specific act or omission. The presumption of regularity does not apply in contempt matters and it will not be presumed that the proceeding was initiated by a sufficient affidavit. (See *Groves* v. *Superior Court,* 62 Cal.App.2d 559, 568 [145 P.2d 355].)

Petitioner was sentenced to five days in the county jail, fined $500 and ordered to serve one day in the county jail for each $2.00 thereof remaining unpaid. He alleges in his petition that he has no money or property, that this fact was in evidence in the hearing before the commissioner, and that therefore he will have to serve 255 days in the county jail.

Ordinarily, when confinement in jail is deemed advisable the order therefor should provide for the release of the accused whenever he renders substantial compliance with the judgment order which he has disobeyed. The punishment of petitioner was grossly harsh and excessive. If every violator of a temporary order in a divorce case were sent to jail for eight months, there would be no room in the jails for criminals.